IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CORNELIUS BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV377 |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, COURTNEY PHILIPS, Director, SHANNON BLACK, Program Director, KYLE MALONE, SOS Team Leader, WILLIAM BECKER, Program Therapist, CINDY DYKEMAN, Program Manager, and LISA LAURELL, Program Social Worker, et. al., | ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) | |

Plaintiff has filed a number of motions, all of which will be denied for the reasons stated below.

Plaintiff has filed a Motion to Remove Defense Counsel (Filing No. 17) due to a conflict of interest. Plaintiff argues that Assistant Attorney General Ryan C. Gilbride should not represent the defendants in this case because Mr. Gilbride is also representing the Norfolk Regional Center in another of Plaintiff's cases. This motion shall be denied, as it is the duty of the Office of the Attorney General to represent the defendants.[1]

---

[1]The Nebraska Department of Justice has "general control and supervision of all actions and legal proceedings in which the State of Nebraska may be a party or may be interested, and shall have charge and control of all the legal business of all departments and bureaus of the state . . . ." Neb. Rev. Stat. § 84-202 (Westlaw 2017).

Plaintiff's Motion to Appoint Counsel (Filing No. 18) shall be denied without prejudice because—as Plaintiff was recently advised in the court's ruling on Plaintiff's last Motion to Appoint Counsel (Filing No. 11)—this case is still in its early stages, and it is not clear that Plaintiff and the court will benefit from such assistance at this point. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (there is no constitutional or statutory right to appointed counsel in civil cases, and 28 U.S.C. § 1915(e) says court "may" appoint counsel; "relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments"); *Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (unpublished) (appointed counsel may not be warranted early in proceedings and when it is not clear that plaintiff has difficulty in obtaining and presenting admissible evidence and lacks skills to present case to jury); *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) ("Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" (internal citation and quotation marks omitted)). Thus, Plaintiff's request for the appointment of counsel will be denied without prejudice to reassertion.

Finally, Plaintiff has filed a Motion for Enlargement of Time (Filing No. 27) to answer discovery requests and to reply to Defendants' motions. Plaintiff's request to extend the time in which she must answer discovery requests will be denied, as the docket sheet does not indicate that Plaintiff has been served with any discovery requests in this case. Plaintiff's motion for additional time within which to respond

---

Further, "[t]he Attorney General is authorized to appear for the state and prosecute and defend, in any court or before any officer, board or tribunal, any cause or matter, civil or criminal, in which the state may be a party or interested." Neb. Rev. Stat. § 84-203 (Westlaw 2017).

to Defendants' Motions to Dismiss (Filing No. 23; Filing No. 25) will be granted, and Plaintiff may file her response to such motions on or before March 6, 2017.

IT IS ORDERED:

1. Plaintiff's Motion to Remove Defense Counsel (Filing No. 17) is denied;

2. Plaintiff's Motion to Appoint Counsel (Filing No. 18) is denied without prejudice to reassertion; and

3. Plaintiff's Motion for Enlargement of Time (Filing No. 27) is denied in part and granted in part as follows: Plaintiff's request to extend the time in which she must answer discovery requests is denied, and Plaintiff's request for additional time within which to respond to Defendants' Motions to Dismiss (Filing No. 23; Filing No. 25) is granted. Plaintiff may file her response to such motions on or before March 6, 2017.

DATED this 9th day of February, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge