IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CORNELIUS BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV377 |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, COURTNEY PHILIPS, Director, SHANNON BLACK, Program Director, KYLE MALONE, SOS Team Leader, WILLIAM BECKER, Program Therapist, CINDY DYKEMAN, Program Manager, and LISA LAURELL, Program Social Worker, et al., | ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |

After initial review of Plaintiff's pro se complaints alleging that the defendants treated her unfavorably because she is transgender, this court ordered that Plaintiff's 42 U.S.C. § 1983 claims for denial of equal protection and due process and First Amendment retaliation could proceed to service of process as to various defendants. (Filing 8.) Two of the defendants have filed motions to dismiss (Filings 23, 25), and Plaintiff has filed a motion for extension of time (Filing 29) and a motion for protective order (Filing 33).

**Motion to Dismiss DHHS (Filing 23)**

The defendants first move to dismiss Plaintiff's only remaining claim against the Nebraska Department of Health and Human Services ("DHHS"), a state agency, for prospective injunctive relief pursuant to Fed. R. Civ. P. 12(b)(6). This motion will

be granted. *See Brown v. Missouri Dep't of Corr.*, 353 F.3d 1038, 1041 (8th Cir. 2004) (Missouri Department of Corrections was not proper party under 42 U.S.C. § 1983); *Graves v. Stone*, 25 F. App'x 488, 490, 2002 WL 62995, at *1 (8th Cir. 2002) ("the Eleventh Amendment bars any suit brought in federal court by an individual against a state or its agencies, regardless of the nature of the relief sought"; rejecting argument that *Ex Parte Young* exception allowing § 1983 suits for injunctive relief against state officials sued in their official capacities makes a state agency a proper defendant).

### **Motion to Dismiss Defendant Philips in Official Capacity (Filing 25)**

After initial review of Plaintiff's complaints, this court directed Plaintiff that copies of a summons and complaint must be served on "the Nebraska Attorney General's Office or the chief executive officer for the State of Nebraska as to defendant[] . . . Philips in her official capacity." (Filing 8 at CM/ECF p. 16.) *See* Fed. R. Civ. P. 4(j)(2) (service on state must be accomplished by "delivering a copy of the summons and of the complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant"); Neb. Rev. Stat. § 25-510.02 (Westlaw 2017) (employees of state sued in their official capacity may be served "by leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery service addressed to the office of the Attorney General.")

The proof of service for Courtney Philips in her official capacity indicates that the U.S. Marshals Service completed personal service upon her on December 6, 2016, at "301 Centennial Mall South Lincoln, NE 68508," which was the address provided by Plaintiff on the USM-285 form, but is not the address of the Nebraska Attorney General. (Filing 12 at CM/ECF pp. 5-6.) On December 22, 2016, Assistant Attorney General Ryan Gilbride filed a motion for an enlargement of time in which to answer

or otherwise plead on behalf of the defendants, including Courtney Phillips "in her official and individual capacities." (Filing 15.) However, on January 23, 2017, Gilbride filed an answer on behalf of defendant Courtney Phillips in her *individual* capacity only and also filed a motion to dismiss Philips in her *official* capacity based on improper service of process pursuant to Fed. R. Civ. P. 12(b)(4) and (5). (Filings 21, 25.)

Defendant Philips in her official capacity now moves to dismiss Plaintiff's claims against her for improper service of process under Fed. R. Civ. P. 12(b)(4) and (5) because Plaintiff served Philips in her official capacity at the wrong address. (Filing 25.) Plaintiff has responded to Philips' motion, stating that the Lincoln Regional Center gave Plaintiff and other patients the address for the Nebraska Department of Health and Human Services (301 Centennial Mall South, Lincoln, NE 68508) for "submitting complaints." (Filing 32 at CM/ECF pp. 4, 10.)

> Although a defect in service may result in the dismissal of the improperly served person, a court has broad remedial power to correct the service, especially where justice demands and prejudice would not result to the improperly served parties. *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir. 1976). One of the remedial options is the quashing of service but retention of the case so that service may be effected in accord with the Rules. *C & L Farms, Inc. v. Federal Crop Ins. Corp.*, 771 F.2d 407, 409 (8th Cir. 1985); *Haley*, 529 F.2d at 79. Moreover, a motion to dismiss for insufficiency of service may be denied where there has been substantial compliance with Rule 4, the mistake was innocent, and the defendant was not prejudiced. *See, e.g., Gray v. Allied Waste Servs. of Washington*, 2012 WL 2871422, *4 (D. Md. 2012) ("Because Plaintiff is pro se and Defendant received actual notice, dismissal for ineffective service of process is inappropriate at this stage."); *Myrtle v. Graham*, 2011 WL 446397 (E.D. La. 2011) (dismissal should not result when plaintiff made good faith attempt to comply with rules for service and defendant did not demonstrate prejudice or lack of actual notice).

3

*Mendoza v. Osterberg*, No. 8:13CV65, 2014 WL 3784122, at *3 (D. Neb. July 31, 2014).

Here, Philips has not demonstrated that she lacks notice of Plaintiff's claims or that the improper service has caused her prejudice. Further, it is evident that Plaintiff—despite her pro se status—successfully served the other defendants, suggesting that Plaintiff's error in serving Philips in her official capacity was an innocent mistake that was compounded by her institution providing Plaintiff with an address that was perhaps appropriate for other purposes, but not for properly serving process in this lawsuit.

Accordingly, for good cause shown, the court will deny Philips' motion to dismiss and will extend the time in which process may be served upon defendant Courtney Philips in her official capacity. *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period."); *Weller v. Cass Cty. Prosecutor's Office*, No. 05-0042-CV-W-FJG, 2005 WL 2090788, at *4 (W.D. Mo. Aug. 30, 2005) (giving plaintiff additional time to complete service when plaintiff was proceeding pro se and had "at least made an effort to complete service" upon defendant); *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 681 (N.D. Iowa 1995) (generally, when court finds service insufficient but curable, it should quash service and give plaintiff opportunity to re-serve defendant, but dismissal may be proper without opportunity to cure where proper service would be futile); *In re Hollis & Co.*, 86 B.R. 152, 154 (Bankr. E.D. Ark. 1988) (denying defendant's motion to dismiss party for improper service in part because the "[m]otions for extensions of time to file preliminary motions [made it] reasonable for Plaintiff to believe that service had been accomplished"; noting that dismissal is not required when service is ineffective—rather, court has discretion to dismiss or quash service but retain case).

**Motion for Extension of Time to Respond to Interrogatories (Filing 29)**

Plaintiff moves for an unspecified amount of additional time to respond to Defendants' first set of interrogatories which were allegedly sent to Plaintiff along with the motions to dismiss discussed above. (Filing 29.) Defendants' counsel has filed an affidavit confirming that he propounded Defendants' first set of interrogatories and requests for production of documents upon Plaintiff on January 23, 2017, and that Defendants agreed to extend the time for Plaintiff to respond to the discovery requests until March 23, 2017. (Filing 34-1, Aff. Ryan Gilbride.)

General Order No. 2016-02 of this court provides that "the court will issue a progression order, addressing discovery and other issues, approximately thirty days after the last defendant has answered. No discovery in prose civil cases assigned to a district judge may take place until a progression order is entered unless the court[] orders otherwise. Requests to engage in discovery before the court enters the progression order must be made by motion." (Emphasis added.)

Because the defendants should not have served any discovery requests until the progression order was entered, Plaintiff's motion (Filing 29) for an extension of time in which to respond to those requests will be granted, and Plaintiff need not respond to any discovery requests issued prior to the court's progression order, which has yet to be entered.

**Motion for Protective Order (Filing 33)**

Finally, Plaintiff has filed a motion for protective order "to answering interrogatory questions received January 23, 2017." (Filing 33.) Because this request duplicates Plaintiff's motion for an extension of time, considered above, this motion will be denied as moot.

IT IS ORDERED:

1. The Motion to Dismiss (Filing 23) Plaintiff's only remaining 42 U.S.C. § 1983 claim against the Nebraska Department of Health and Human Services for prospective injunctive relief is GRANTED pursuant to Fed. R. Civ. P. 12(b)(6), and defendant Nebraska Department of Health and Human Services is dismissed from this case.

2. The Motion to Dismiss (Filing 25) defendant Courtney Philips in her official capacity for improper service pursuant to Fed. R. Civ. P. 12(b)(4) and (5) is DENIED.

3. Pursuant to Fed. R. Civ. P. 4(m), the time in which Plaintiff may serve defendant Courtney Philips in her official capacity with process is extended. For service of process on defendant Courtney Philips in her official capacity, the Clerk of the Court is directed to complete a summons form and a USM-285 form for defendant Courtney Philips using the address "Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509," and forward them together with a copy of the Complaint (Filing 1), the Supplemental Complaint (Filing 1-1), the court's order on initial review (Filing 8), and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve defendant Courtney Philips in her official capacity at the office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509**. *See* Federal Rule of Civil Procedure 4(j)(2)**;** Neb. Rev. Stat. § 25-510.02 (Reissue 2016)**.**[1]

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

4. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

5. Plaintiff's motion (Filing 29) for an extension of time in which to respond to Defendants' discovery requests is GRANTED, and Plaintiff need not respond to any discovery requests issued prior to the court's progression order, which will be entered after all defendants have answered.

6. Plaintiff's motion for protective order (Filing 33) is DENIED as moot.

DATED this 27th day of April, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge