IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MEE MEE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV377 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| COURTNEY PHILIPS, Director, | ) | **AND ORDER** |
| SHANNON BLACK, Program | ) | |
| Director, KYLE MALONE, SOS | ) | |
| Team Leader, WILLIAM BECKER, | ) | |
| Program Therapist, CINDY | ) | |
| DYKEMAN, Program Manager, and | ) | |
| LISA LAURELL, Program Social | ) | |
| Worker, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff has filed a Motion to Appoint Counsel (Filing No. 42) and a Motion for Enlargement of Time (Filing No. 44) in which to serve interrogatories on Defendants.

As Plaintiff has been repeatedly advised in this and other cases, it is not clear that Plaintiff and the court will benefit from the appointment of counsel at this point. Through her filing of multiple cases, motions, responses, objections, and letters to the court, Plaintiff has demonstrated her ability to competently present her claims to the court and manage her litigation without assistance. Thus, Plaintiff's request for the appointment of counsel will once again be denied without prejudice. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (there is no constitutional or statutory right to appointed counsel in civil cases, and 28 U.S.C. § 1915(e) says court "may" appoint counsel; "relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments"); *Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (unpublished) (appointed counsel may not be warranted early in proceedings and when it is not clear that plaintiff has difficulty in obtaining and

presenting admissible evidence and lacks skills to present case to jury); *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) ("Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" (internal citation and quotation marks omitted)).

Plaintiff's Motion for Enlargement of Time (Filing No. 44) in which to serve interrogatories on Defendants will be granted, but Plaintiff is cautioned that the court will not tolerate multiple requests to extend the deadlines contained in the amended progression order.

IT IS ORDERED:

1. Plaintiff's Motion to Appoint Counsel (Filing No. 42) is denied without prejudice;

2. Plaintiff's Motion for Enlargement of Time (Filing No. 44) in which to serve interrogatories on Defendants is granted, and Plaintiff shall serve such interrogatories by July 14, 2017;

3. An amended progression order shall be issued extending all deadlines by 30 days; and

4. Plaintiff is cautioned that the court will not tolerate multiple requests to extend the deadlines contained in the amended progression order.

DATED this 2nd day of June, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge