IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| MEE MEE BROWN, | ) | |
|---|---|---|
| Plaintiff, | ) | 8:16CV377 |
| v. | ) | |
| COURTNEY PHILIPS, Director, SHANNON BLACK, Program Director, KYLE MALONE, SOS Team Leader, WILLIAM BECKER, Program Therapist, CINDY DYKEMAN, Program Manager, and LISA LAURELL, Program Social Worker, et. al., | ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) | |

Pro se plaintiff Mee Mee Brown, a patient at the Norfolk Regional Center, brings this action for denial of equal protection by subjecting her to gender discrimination; First Amendment retaliation; and denial of due process under the Fourteenth Amendment.

On July 19 and 20, 2017, Plaintiff filed motions to compel discovery from Defendants in the form of answers to interrogatories (Filing No. 50) and documents (Filing No. 51). Because the parties thereafter agreed to a Protective Order (Filing No. 55) that seemed to pertain to the documents Plaintiff was requesting, I denied the motions without prejudice to reassertion should Defendants continue to refuse to produce the requested nonprivileged documents. (Filing No. 56.)

Plaintiff has now filed a Motion for Reconsideration (Filing No. 57) of the court's prior denial (Filing No. 56) of Plaintiff's Motion to Compel Discovery of Documents (Filing No. 51), stating that Plaintiff has discussed the matter by telephone

with Defendants' counsel, who still refuses to provide the documents in question. Plaintiff has also filed another Motion to Appoint Counsel (Filing No. 58).

## MOTION TO COMPEL

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Defendants essentially parrot the language of this rule (Filing No. 51, Ex. 1) in refusing to provide Plaintiff with the following documents:

**REQUEST FOR PRODUCTION NO. 1**: All patient treatment files, including all staffing, and nursing notes beginning October 2015, through October 2016.

**REQUEST FOR PRODUCTION NO. 2**: All written statements, originals, or copies, grievances, witness statements, both formal and informal of both patients, and staff beginning October 2015 thru October 2016.

**REQUEST FOR PRODUCTION NO. 4**: All written statements, originals, or copies identifyable (sic) as reports, or witness statements, social worker notes, and therapist notes involving incidents, conversations or otherwise with all named defendants, and staff employed at the Lincoln Regional Center, with attention paid to: Plaintiffs gender evaluation done by Defendant Shannon Black, and Sanat Roy (Program Psychiatrist) on August 12, 2016. S.O. group incident involving Lisa Laurell on September 20, 2016 witness statement and report(s) of incidents with Gavin Wiseman reported by Teresa Hansen, Defendant Chalice Closen.

**REQUEST FOR PRODUCTION NO. 5**: Any and all rules, hospital polices, regulations, and all other operational procedures concerning both staff and patients employed and/or committed to the Lincoln Regional Center.

(Filing No. 51 at CM/ECF pp. 3-5.)

Keeping in mind the claims brought by Plaintiff and the language of Fed. R. Civ. P. 26, I conclude that Plaintiff's Motion for Reconsideration (Filing No. 57) of the court's prior denial (Filing No. 56) of Plaintiff's Motion to Compel Discovery of Documents (Filing No. 51), should be granted in limited part and otherwise denied, as follows:

> **REQUEST FOR PRODUCTION NO. 1**: Plaintiff's Motion for Reconsideration is denied, and Defendants need not produce "[a]ll patient treatment files, including all staffing, and nursing notes beginning October 2015, through October 2016." It is not clear how *all* patient treatment files are necessary or relevant to Plaintiff's claims, and this request is out of proportion to the needs of the case.
>
> **REQUEST FOR PRODUCTION NO. 2**: Plaintiff's Motion for Reconsideration is denied, and Defendants need not produce "[a]ll written statements, originals, or copies, grievances, witness statements, both formal and informal of both patients, and staff beginning October 2015 thru October 2016." Again, it is not clear how all written statements, grievances, and witness statements—apparently pertaining to all patients and all incidents at the treatment center—are necessary or relevant to Plaintiff's claims, and this request is out of proportion to the needs of the case.
>
> **REQUEST FOR PRODUCTION NO. 4**: Plaintiff's Motion for Reconsideration is granted in part. Defendants shall provide to Plaintiff copies of Plaintiff's gender evaluation done by Defendant Shannon Black and Sanat Roy (Program Psychiatrist) on August 12, 2016, and all written staff statements and notes regarding Plaintiff in the "S.O. group incident involving Lisa Laurell on September 20, 2016." Defendants need not provide other non-specific "written statements, . . . reports, or

witness statements, social worker notes, and therapist notes involving incidents, conversations or otherwise with all named defendants, and staff employed at the Lincoln Regional Center." Defendants need not produce the requested information regarding "Gavin Wiseman reported by Teresa Hansen, Defendant Chalice Closen" because these individuals are not parties to this case.

**REQUEST FOR PRODUCTION NO. 5**: Plaintiff's Motion for Reconsideration is denied because Plaintiff's request for "[a]ny and all rules, hospital polices, regulations, and all other operational procedures concerning both staff and patients employed and/or committed to the Lincoln Regional Center" is overbroad and not, as a whole, clearly relevant to the issues involved here. Further, the burden and expense of producing all institutional rules, policies, regulations, and operational procedures outweigh the benefit of their production.

## MOTION TO APPOINT COUNSEL

As Plaintiff has been repeatedly advised in this and other cases, it is not clear that Plaintiff and the court will benefit from the appointment of counsel at this point. Through her filing of multiple cases, motions, responses, objections, and letters to the court, Plaintiff has demonstrated her ability to competently present her claims to the court and manage her litigation without assistance. Thus, Plaintiff's request for the appointment of counsel will once again be denied without prejudice. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (there is no constitutional or statutory right to appointed counsel in civil cases, and 28 U.S.C. § 1915(e) says court "may" appoint counsel; "relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments"); *Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (unpublished) (appointed counsel may not be warranted early in proceedings and when it is not clear that plaintiff has difficulty in obtaining and presenting admissible evidence and lacks skills to present case to jury); *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) ("Indigent

civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" (internal citation and quotation marks omitted)).

IT IS ORDERED:

1. Plaintiff's Motion for Reconsideration (Filing No. 57) of the court's prior denial (Filing No. 56) of Plaintiff's Motion to Compel Discovery of Documents (Filing No. 51) is granted ONLY as it pertains to Request for Production No. 4 (Filing No. 51 at CM/ECF p. 4). Specifically, Defendants shall provide to Plaintiff copies of Plaintiff's gender evaluation done by Defendant Shannon Black and Sanat Roy (Program Psychiatrist) on August 12, 2016, as well as all written staff statements and notes regarding Plaintiff in the "S.O. group incident involving Lisa Laurell on September 20, 2016." Plaintiff's Motion for Reconsideration (Filing No. 57) is otherwise denied.

2. Plaintiff's Motion to Appoint Counsel (Filing No. 58) is denied without prejudice.

DATED this 5th day of October, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge